**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| INDIANA CARPENTERS PENSION FUND; INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS,<br><br>    Plaintiffs,<br><br>vs.<br><br>GENESYS INDUSTRIAL CORP., a Missouri Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:20-cv-2527<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs, the INDIANA CARPENTERS PENSION FUND, the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND, the UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH

AMERICA, ("Trust Funds"), and the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS ("Union") (collectively "Plaintiffs") by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, GENESYS INDUSTRIAL CORP. ("Genesys"), and in support, allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Section 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331. The Plaintiff Trust Funds seek an order compelling Genesys to submit to a payroll compliance audit for the period of January 1, 2018 through December 31, 2018. The Plaintiff Trust Funds also seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action. Additionally, the Plaintiff Trust Funds also seek to compel Genesys to pay any delinquent contributions that are discovered through the audit, plus liquidated damages and interest.

2. Count II of this action arises under Section 301 of the Labor Management Relations Act, 1947, as amended (29 U.S.C. § 185). The Plaintiff Union seeks an order compelling Genesys to submit to a payroll compliance audit for the period of January 1, 2018 through December 31, 2018. The Plaintiff Union also seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action. Additionally, the Plaintiff Union also seek to compel Genesys to pay any delinquent wage deductions and contributions discovered through the audit, plus liquidated damages and interest.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

6. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

7. The Union is a labor organization whose duly authorized officers or agents are engaged in represented or acting for employee members within this judicial district.

8. The Union is the bargaining representative of Genesys's bargaining unit employees.

9. Genesys, is a Missouri Corporation with its principal place of business in Kansas City, Missouri.

## COUNT I
## BREACH OF TRUST AGREEMENTS

10. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. Genesys is bound to a Memorandum of Agreement ("MOA") with the Union, which bound

it to the Union's various collective bargaining agreements ("CBAs").  (A copy of the MOA is attached hereto as **Exhibit 1**).

12. Through the MOA and CBAs, Genesys is also bound to the Plaintiff Trust Funds' Agreements and Declarations of Trusts ("Trust Agreements").

13. Pursuant to the CBAs and Trust Agreements, Genesys is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rates.

14. Pursuant to Section 502(g)(2) of ERISA and the Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds shall be responsible for payment of liquidated damages and interest, as well as attorney's fees and costs associated with the collection of the delinquent contributions.

15. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Funds adopted the Payroll Audit Policy for Contributions and Deductions Owed Pursuant to All IN/KY/OH Regional Council of Carpenters' Collective Bargaining Agreements, etc. in the State of Indiana and the Commonwealth of Kentucky ("Audit Policy").

16. Pursuant to the Trust Agreements and Audit Policy, Genesys is required to furnish the Trustees, upon request, with information that the Trust Funds' auditor may require in order to determine the accuracy of the contributions remitted by Genesys.

17. The Plaintiff Trust Funds sought to audit Genesys pursuant to the Trust Agreements and Audit Policy.

18. The Plaintiffs' auditors, L.M. Henderson & Company, LLP (hereinafter "the Auditors"), requested information from Genesys for the audit period of January 1, 2018, through December 31, 2018.

19. Genesys has failed to produce the records requested by the Auditors in furtherance of the payroll compliance audit.

20. The Plaintiffs have made repeated demands for Genesys to produce records necessary to complete the payroll compliance audit.

21. Genesys is obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages and interest.

22. The Plaintiffs have been required to employ the undersigned attorneys to compel Genesys to comply with the payroll compliance audit.

23. Plaintiffs have complied with all conditions precedent in bringing this suit.

24. Genesys is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Trust Agreements, Audit Policy, and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs Trust Funds respectfully request:

A. That this Honorable Court enter an Order requiring Genesys to produce all records necessary for the auditors to complete a payroll compliance audit for the period of January 1, 2018, through December 31, 2018;

B. That Judgment be entered in favor of the Plaintiff Trust Funds and against Defendant Genesys in an unknown amount for any and all contributions revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C. That Judgment be entered in favor of the Plaintiff Trust Funds and against Defendant Genesys in an unknown amount for any and all audit fees associated with the payroll compliance audit;

D. That Judgment be entered in favor of Plaintiff Trust Funds and against Defendant Genesys for any other contributions, liquidated damages, and interest that are found to be due and

      owing in addition to the amounts referenced in paragraphs B and C above;

E.    That Defendant Genesys be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, Audit Policy, and 29 U.S.C. §1132(g)(2)(D); and

F.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant Genesys's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF COLLECTIVE BARGAINING AGREEMENTS

25. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

26. Genesys is an employer engaged in an industry affecting commerce.

27. At all times material herein, Defendant Genesys was bound to CBAs with the Union.

28. Through the CBAs, Genesys is required to comply with the Audit Policy.

29. Included among the contractual obligations between the parties is the requirement that Genesys make certain contributions and payroll deductions to the Union.

30. The CBAs to which Genesys was bound also require that signatory employers submit to field audits of payroll and related records so as to insure that the appropriate employer deductions and contributions are made to the Union.

31. Additionally, the Audit Policy and CBAs require that signatory contractors who refuse to permit an audit pay the Plaintiff Union's attorneys' fees and costs incurred in enforcing the payroll audit requirement or collecting delinquent deductions, contributions, and interest.

32. The Plaintiff Union sought to audit Genesys pursuant to the Audit Policy.

33. The Auditors requested information from Genesys for the audit period of January 1, 2018, through December 31, 2018.

34. Defendant Genesys has breached its contractual obligations to the Union by failing to produce the records requested by the Auditors in furtherance of the payroll compliance audit.

35. The Plaintiffs have been required to employ the undersigned attorneys to compel Genesys to comply with the payroll compliance audit.

36. Plaintiffs have complied with all conditions precedent in bringing this suit.

37. Genesys is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBAs to which it is bound.

**WHEREFORE**, Plaintiff Union respectfully requests:

A. That this Honorable Court enter an Order requiring Genesys to produce all records necessary for the auditors to complete a payroll compliance audit for the period of January 1, 2018, through December 31, 2018;

B. That Judgment be entered in favor of the Plaintiff Union and against Defendant Genesys in an unknown amount for any and all wage deductions and contributions revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C. That Judgment be entered in favor of the Plaintiff Union and against Defendant Genesys in an unknown amount for any and all audit fees associated with the payroll compliance audit;

D. That Judgment be entered in favor of the Plaintiff Union and against Defendant Genesys for any other wage deductions and contributions, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraphs B and C above;

E. That Defendant Genesys be ordered to pay the reasonable attorney's fees and costs incurred

   by the Plaintiff Union; and

F. That this Court grant the Plaintiff Union any other relief that this Court deems to be just and equitable.

         Respectfully submitted,

         /s/  William M. Blumthal, Jr.

         William M. Blumthal, Jr.
         Johnson & Krol, LLC
         311 S. Wacker Drive, Suite 1050
         Chicago, Illinois 60606
         Phone: (312) 372-8587
         Facsimile: (312) 255-0449
         blumthal@johnsonkrol.com

         Joseph E. Mallon
         Johnson & Krol, LLC
         450 East 96th Street, Suite 500
         Indianapolis, Indiana 46240
         Phone: (317) 218-4779
         Facsimile: (312) 255-0449
         mallon@johnsonkrol.com